UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| STEVEN LYNN HALEY and RACHEL HALEY, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | No. 1:05-CV-257 |
| LOWE'S HOME CENTERS, INC. and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, | ) ) ) ) | Chief Judge Curtis L. Collier |
| Defendants. | ) ) | |

# **M E M O R A N D U M**

On September 20, 2005, Steven Lynn Haley and Rachel Haley's ("Plaintiffs") complaint against Lowe's Home Centers, Inc. and Connecticut General Life Insurance Company ("Defendants") was removed to this Court pursuant to 28 U.S.C. § 1441 (Court File No. 1). After Defendants filed a response (Court File No. 5) and submitted the relevant administrative record (Court File No. 7), Plaintiffs submitted an objection to the administrative record (Court File No. 9). Defendants then submitted a Motion for Judgment on the Record (Court File No. 12). Plaintiffs responded with a brief in opposition to Defendants' motion and maintained the administrative record was insufficient (Court File No. 15).

This is a case where Plaintiff seeks benefits from Lowe's Affiliates Group Health Plan ("The Plan") and brings this action under 29 U.S.C. § 1132(a)(1)(B). The Plan is an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001-1461. Because the subject matter involves a federal question and arises under ERISA, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

The Court set the matter for oral argument on August 9, 2006. Counsel for Plaintiffs failed to appear at the hearing. Upon motion of counsel for Defendant, the Court dismissed the case pursuant to Fed.R.Civ.P. 41(b). Subsequently, counsel for Plaintiffs asked for reconsideration of the Court's order of dismissal arguing he did not receive notice of the meeting. Thereafter, the Court set aside its order of dismissal and rescheduled oral argument for Wednesday, February 14, 2006.

At the oral argument hearing, counsel for Plaintiffs argued the administrative record was insufficient and it did not contain a record of denial of benefits. Counsel for Plaintiffs conceded Plaintiffs did not make premium payments as argued by Defendants. Counsel for Defendants argued Plaintiffs failed to pay their required premiums for coverage and after repeated warnings, simply lost their coverage.

After carefully considering the arguments advanced at the hearing, as well as in the filings, and considering the applicable law, the Court will **GRANT** Defendants' motion for judgment on the record (Court File No. 12). Further, the Court will **DISMISS** Plaintiffs' claims and **DIRECT** the Clerk of Court to **CLOSE** this case.

**I.    STANDARD OF REVIEW**

Since this is an ERISA case involving denial of benefits, the Court's review is limited. In *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609 (6th Cir. 1998), the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") set forth "suggested guidelines" for adjudicating ERISA benefit denial proceedings brought under § 1132(a)(1)(B). *Id.* at 619 (Gilman, J., concurring) (delivering the opinion of the panel as to the applicability of summary judgment proceedings to ERISA cases). The proper procedure for adjudicating a § 1132(a)(1)(B) action is in

2

the nature of a review of the administrator's decision at issue, not of a bench trial or a summary judgment determination. A bench trial, during which a court might evaluate evidence not before the plan administrator, would thwart Congress's goal of using ERISA "to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously" through an administrative procedure. *Id*. at 618 (quoting *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990)). Likewise, a summary judgment procedure is inapposite because the goal of its analysis is "to screen out cases not needing a full factual hearing." *Id*. at 619. Rather, a district court should review a benefits denial decision based "solely upon the administrative record" and "render findings of fact and conclusions of law accordingly." *Id*. "The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id*.

A denial of benefits decision "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L. Ed. 2d 80 (1989). When discretionary authority is granted, "the highly deferential arbitrary and capricious standard of review is appropriate." *Borda v. Hardy, Lewis, Pollard & Page, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998) (quotation marks and citation omitted). Regarding the arbitrary and capricious standard, the Sixth Circuit explained "[t]his standard 'is the least demanding form of judicial review of administrative action . . . . When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.'" *Abbott v. Pipefitters Local Union No. 522 Hosp., Med. & Life Benefit Plan*, 94 F.3d

236, 240 (6th Cir. 1996) (quoting *Perry v. United Food & Commercial Workers Dist. Unions 405 & 422*, 64 F.3d 238, 242 (6th Cir. 1995)). Under the arbitrary and capricious standard, the plan administrator's decision will be upheld if it was "rational in light of the plan's provisions," *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997), and was not made in bad faith. *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 626 (6th Cir. 1987). Although deferential, the arbitrary and capricious standard is "not no review" and "[i]t is not . . . without some teeth." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003) (citations and quotations omitted). In reviewing an administrator's decision, the district court may only consider "the facts known to the plan administrator at the time he made his decision." *Smith*, 129 F.3d at 863.

## II. RELEVANT FACTS

### A. The Plan

In ERISA cases, the first step is to consider the instrument creating the right to the claimed benefit, i.e., the Plan. The Plan defines the benefits available and the mechanism for claiming them. Lowe's Homes Centers, Inc. ("Lowe's") provides a Group Health Care Plan for full-time employees and their dependents (Administrative Record ("AR") at 8). The cost is shared by Lowe's and its employees (*Id.*). Under the Plan, there is a 90-day waiting period before coverage begins (*Id.* at 8). In addition, employees must enroll within 120 days of their employment to be eligible for coverage (*Id.*).

The Summary Plan Description ("SPD") designates Lowe's as the Plan Sponsor, Administrator, and Claims Fiduciary (*Id.* at 6). Benefits are administered by Connecticut General Life Insurance Company ("CIGNA"). In addition, Lowe's has reserved the right to "suspend,

4

withdraw, amend or modify the Plan, covering any active employee, current or future retirees or COBRA participants in the Plan, in whole or in part at any time" based solely on the decision of Lowe's management (*Id*. at 31). This section of the SPD states the insured will be advised of material modifications but does not require notice of termination (*Id*.). Pursuant to the SPD, termination of coverage occurs on the date "ending the period for which your last contribution is made" (*Id*. at 10).

### B. Plaintiffs' Enrollment History

Plaintiff Steve Haley began work at Lowe's on February 2, 2004 (*Id*. at 151). The record does not reflect Plaintiff Steve Haley enrolled in the insurance program offered or submitted the required contributions to be eligible for coverage (*Id*. at 159-67). Also, the record does not reflect an objection to a statement mailed to him showing he had no benefits as of September 23, 2004 (*Id*. at 159-67, 187). From March 24, 2004 until November 18, 2004, Plaintiff Steve Haley took a leave of absence under a claim of worker's compensation (*Id*. at 151). At that time, he was notified by mail failure to make premium payments would result in termination of benefits (*Id*. at 189). Still, no payments were made (*Id*. at 159-67).

Regardless of the above facts, Plaintiffs were issued insurance cards in 2004 (Court File No. 13 p. 2, n. 3). Plaintiff Steve Haley also submitted $33,109.75 worth of claims to CIGNA in 2004 (AR at 210). He received compensation for $3,633.72 of the claims (*Id*.). Defendants concede the insurance cards were issued and some claims were paid but maintain this was done in error (Court File No. 13 p. 2, n. 3).

On September 30, 2004, Plaintiff Steve Haley enrolled in the Plan for 2005 (*Id*. at 207). Deductions from his paycheck for reflecting his enrollment began the first pay period in January

5

2005 (*Id*. at 168). Deductions were also made from Plaintiff Steve Haley's paychecks for the following pay periods: January 15, 2005 through January 28, 2005 (*Id*. at 169); January 29, 2005 through February 11, 2005 (*Id.* at 170); February 12, 2005 through February 25, 2005 (*Id*. at 171); and April 9, 2005 through April 29, 2005 (*Id*. at 172).

On April 9, 2005, Plaintiff again took a leave of absence (*Id*. at 151). On May 14, 2005, he was informed failure to make premium payments would result in termination of his benefits. However, he did not make payments during March, parts of April, and May and June of 2005 (*Id*. at 173). While there is only one termination of benefits letter in the administrative record (*Id*. at 179), the administrative record contains copies of numerous requests for overdue payments, each warning "if payment is not received by the above due date, your group benefits including health, dental, life and disability insurance may be cancelled by Lowe's" (*Id*. at 176-86). In addition, from computer records in the administrative record it appears he was sent nine mailings, four of which would have informed him his benefits were terminated (*Id*. at 173).[1]

### III. DISCUSSION

#### A. Appropriate Standard of Review

Plaintiffs assert the case should be heard on the merits, *de novo,* contending the administrative record is insufficient and should not be considered (Court File No. 9, p. 3). The administrative record is deemed insufficient if the "record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply

---

[1] There are no copies of these mailings in the administrative record. However, a printout of a computer screen shows all of the invoices Mr. Haley would have normally been sent (AR at 173).

cannot evaluate the challenged agency action on the basis of the record before it." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985).

Here, Plaintiffs claim there is no administrative record solely because there is no written explanation for denial of claims (Court File No. 9, p.1). As such, Plaintiffs are making a procedural challenge under 29 U.S.C. § 1132 (Court File No. 9). When a plaintiff alleges a procedural challenge to the administrator's decision, the district court may be permitted to consider evidence not originally presented to the administrator. *See Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 617 (6th Cir. 2006). In this context, the term "procedural challenge" refers to an alleged lack of due process afforded by an ERISA Plan administrator. *Wilkins*, 150 F.3d at 618-19.

The administrative record here contains numerous warnings, a notification of termination, and a notification showing no coverage in 2004 (AR 176-87). These notifications suffice as a written explanation of the denial of claims. Because Plaintiffs make no argument additional evidence ought to have been considered by the Plan Administrator during review of the claim and there is no violation of procedural rights, the Plaintiffs' request for *de novo* review on this ground is without merit. *See University Hospitals of Cleveland v. South Lorraine's Merchant Ass'n*, 441 F.3d 430, 434 (6th Cir. 2006).[2]

---

[2] Plaintiff requested discovery due to the alleged insufficiency of the administrative record (Court File No. 9, p. 3). However, the Sixth Circuit stated:

> The only exception to the principle of not receiving new evidence at the district court level [in an ERISA case] arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator.

*Calvert v. Firstar Finance, Inc.* 409 F.3d 286, 293 n. 2 (6th Cir. 2005). Because the Court finds Plaintiffs' procedural challenge to be without merit, discovery will not be permitted.

Defendants maintain the "arbitrary and capricious" standard applies since (1) the Plan requires proof of a claim of benefits must be submitted in writing; (2) Lowe's is named Plan Sponsor, Administrator, and Claims Fiduciary; and (3) Lowe's reserves the right to suspend, withdraw, amend or modify the Plan based solely upon management's decision.

The existence of discretionary authority under a particular plan does not "hinge[] on the incantation of the word 'discretion' or any other 'magic word.'" *Johnson v. Eaton Corp.*, 970 F.2d 1569, 1572 n.2 (6th Cir. 1992). However, "'a *clear* grant of discretion [to the administrator] to determine benefits or interpret the plan,'" is required. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998) (quoting *Wulf v. Quantum Chem. Corp.*, 26 F.3d 1368, 1373 (6th Cir. 1994)) (emphasis in original).

The Sixth Circuit has found language requiring an applicant for benefits to submit "satisfactory evidence" constitutes a sufficiently clear grant of discretion to mandate application of the arbitrary and capricious standard. *Id.* at 555-58 (holding language granting insurer "right to require as part of the proofs of claim satisfactory evidence . . . that [the claimant] has furnished all required proof for such benefits" constitutes clear grant of discretion). Other courts have interpreted the modifier "due" used in juxtaposition to the words "evidence" or "proof" to operate in a similar manner. *See Leeal v. Cont'l Cas. Co.*, No. 00-1194, 2001 WL 1006186, at *1-2 (6th Cir. Aug. 21, 2001) (affirming and adopting district court opinion holding phrase "due written proof of loss" was sufficient to confer discretionary authority); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir. 1995) (holding plan language requiring "due proof" conveyed discretionary authority); *Carpenter v. CNA, Cont'l Cas. Co.*, 254 F.Supp.2d 730, 736-38 (S.D. Ohio 2002) (holding requirement of "due written proof of loss" amounted to clear grant of discretion), *aff'd*, 2004 WL

1109464 (6th Cir. May 13, 2004) (adopting district court opinion); *Hall v. Life Ins. Co. of North Am.*, 151 F.Supp.2d 831, 834 (E.D. Mich. 2001) (holding plan's requirement of "due proof" before benefits are paid sufficient to confer discretionary authority).

The SPD's requirement of "written proof" does not rise to the level of the grant of discretion given by the terms "due proof" or "sufficient evidence." In addition, Defendants do not cite any authority for the proposition being named Plan Sponsor, Administrator, and Claims Fiduciary grants Lowe's discretion. Further, after conducting its own research, the Court did not find any cases to support Defendants' position. *Cf. Brown v. Ampco-Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir. 1989) (holding that the title "administrator" did not convey discretion).

Likewise, Defendants do not cite any authority and the Court has not found any stating the right to suspend, withdraw, amend, or modify the Plan based solely upon management's decision vests management with discretion to determine eligibility for benefits or construe the terms of the plan. *Cf. Michael Reese Hosp. & Med. Ctr. v. Solo Cup*, 899 F.2d 639, 641 (7th Cir. 1990) (holding *de novo* review was appropriate even though company had been named Fiduciary and Plan Administrator and was given authority to control and manage the operation of the plan).

As such, the court will review the administrative record *de novo*, that is "without deference to the decision or any presumption of correctness, based on the record before the administrator" with no requirement to consider evidence not presented to the plan administrator. *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1990).

**B.      Merits of § 1132(a)(1)(B) Claim**

9

Defendants argue Lowe's decision to deny benefits was appropriate because Plaintiffs were not covered under the Plan (Court File No. 12, p. 1). The Court agrees. For the following reasons the Court will **GRANT** Defendants' motion for judgment on the record.

### 1. Plaintiffs were not covered under the Plan.

Defendants claim Plaintiffs did not have insurance coverage at all in 2004, from February 25, 2005 through April 9, 2005, and after April 22, 2005 (Court File No. 13, p. 3) because they failed to follow the unambiguous requirement, namely payment, detailed in both the SPD and the letters granting leave of absence (AR 8, 189-90). Under the Plan, payment is due in order to receive coverage, and coverage may be terminated with respect to the periods in which it is not received. (*Id*. at 8, 10). The language of the SPD is clear, "If you continue coverage during leave any required contributions must be paid each month to EBS on behalf of Lowe's" (*Id*. at 11). The administrative record shows premiums were not paid during the time periods Defendants maintain coverage was terminated (*Id*. at 159-72). It is unlikely an employee who was not submitting payments and had received notices warning of termination could reasonably expect coverage of all claims.

Plaintiffs point to the fact certain claims under the Plan were paid and insurance cards were issued to them as evidence of coverage (Court File No. 1, p. 2). Although this could have led Plaintiffs to erroneously believe they had coverage, mutual assent, express or implied, to a contract's terms is of its very essence. *Crane v. Hahlo*, 258 U.S. 142, 146 (1922). Defendants contend, and Plaintiffs have failed to show otherwise, the payments and issuance of cards were a clerical error and not a recognition Plaintiffs were covered under the Plan during the time they were not making payments (Court File No. 13, p. 2, n. 3). Such an error could not lead to a meeting of the minds as to the essential terms of the insurance contract, which is necessary to establish a contract's validity.

*See Gardner v. E.I. DuPont De Nemours and Co., Inc.*, 7 Fed.App'x. 241 (4th Cir. Apr. 16, 2001). CIGNA's mere mistake does not suggest CIGNA intended to cover Plaintiffs' claims. Concordantly, CIGNA never agreed to offer coverage for time periods when Defendants were not paying the premiums.

Plaintiffs have failed to carry their burden of proof and establish they were entitled to coverage under the Plan. Consequently, Defendants' denial of coverage was appropriate because they had no obligation to cover Plaintiffs' claims. After taking into consideration the proof of non-payment and the numerous warnings sent to Plaintiffs contained in the administrative record, it is clear termination of benefits was within Defendants' rights under the plan.

### 2. Exhaustion of Administrative Remedies

Defendants contend Plaintiffs' claims should be dismissed because they failed to exhaust administrative remedies prior to commencing suit (Court File No. 13, p. 9). The Court need not address this claim since, pursuant to the above reasoning, termination of benefits was justified.

### IV. CONCLUSION

For the reasons already stated, the Court will **GRANT** Defendants' motion for judgment on the record (Court File No. 12). Further, the Court will **DISMISS** Plaintiffs' claims and **DIRECT** the Clerk of Court to **CLOSE** this case.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**